IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| JULIUS BRYANT, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. 4:21-cv-00076-P |
| § | |
| ELITE INTEGRITY, LLC D/B/A § | |
| AUTO PROTECTION PLUS, § | |
| § | |
| Defendant. § | |

## ORDER GRANTING MOTION FOR DEFAULT JUDGMENT

Plaintiff Julius Bryant filed a Complaint (ECF No. 1) on January 22, 2021. Defendant Elite Integrity, LLC d/b/a Auto Protection Plus was served with summons on February 2, 2021. ECF No. 7. On March 12, 2021, Plaintiff requested that the Clerk of Court enter a default as a result of Defendant's failure to respond to the Complaint or otherwise appear, and the Clerk entered default against Defendant the same day. *See* ECF Nos. 9–10. On April 1, 2021, Plaintiff filed a Motion for Default Judgment against Defendant, which is pending. *See* ECF No. 12. Because Defendant has not appeared and the requirements for granting default judgment have been met, the Court finds that it should and hereby does **GRANT** Plaintiff's Motion for Default Judgment.

## LEGAL STANDARD

Federal Rule of Civil Procedure 55 sets forth the conditions under which default may be entered against a party, as well as the procedure by which a party may seek the entry of default judgment. *See* FED. R. CIV. P. 55. The Fifth Circuit requires a three-step

process for entry of a default judgment. *N.Y. Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). *First*, a default occurs when a defendant has failed to plead or otherwise respond to the complaint within the time required by the Federal Rules. *Id.*; *see also* FED. R. CIV. P. 55(A). *Second*, an entry of default may be entered when the default is established by affidavit or otherwise. *Id. Third*, a plaintiff may then apply to the clerk or the Court for a default judgment after an entry of default is made. *Id.* A default judgment may not be entered against an individual in military service until an attorney is appointed to represent the defendant. 50 U.S.C. § 521.

"Default judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations." *Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001) (internal quotation marks omitted). Moreover, "a party is not entitled to a default judgment as a matter of right, even where the defendant is technically in default." *Id.* (quoting *Ganther v. Ingle*, 75 F.3d 207, 212 (5th Cir. 1996) (per curiam)). "There must be a sufficient basis in the pleadings for the judgment entered." *Nishimatsu Constr. Co. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). Only well-pleaded facts, not conclusions of law, are presumed to be true. *Id.* Default judgment "should not be granted on the claim, without more, that the defendant had failed to meet a procedural time requirement." *Mason & Hanger–Silas Mason Co., Inc. v. Metal Trades Council*, 726 F.2d 166, 168 (5th Cir. 1984) (per curiam).

In determining whether the entry of a default judgment is appropriate, courts look to whether default judgment is procedurally warranted, whether the award is supported by a sufficient factual basis in the plaintiff's live complaint, and whether the specific amount

2

of damages can be determined with "mathematical calculation by reference to information in the pleadings and supporting documents." *Ramsey v. Delray Capital LLC*, No. 3:14-CV-3910-B, 2016 WL 1701966, at *3 (N.D. Tex. Apr. 28, 2016) (Boyle, J.) (citing *James v. Frame*, 6 F.3d 307, 310 (5th Cir. 1993)).

## ANALYSIS

Here, because Defendant has failed to plead or otherwise defend and because Plaintiff has obtained an entry of default against Defendant, the first two requirements for a default judgment have been met. *See* ECF No. 10. The final requirement for the Court to consider is whether a default judgment is warranted.

Plaintiff asserts claims against Defendant for violations of two sections of the Telephone Consumer Protection Act ("TCPA") (47 U.S.C. §§ 227(b)(1)(A)(iii), 227(c)) and one section of the Texas Business and Commerce Code (TEX. BUS. & COM. CODE § 302.101). Compl. at ¶¶ 21–42. These claims arise out of Defendant calling Plaintiff twelve times between April 6, 2020, and June 8, 2020, even though Plaintiff has been on the Do No Call Registry since March 2019 and even though Defendant is not registered with the Texas Secretary of State. *Id.* at ¶¶ 10–20; Mt. for Default J. at 1. For these violations of 47 U.S.C. § 227(b)(1)(A)(iii), Plaintiff seeks $18,000 in statutory damages; for these violations of 47 U.S.C. § 227(c), Plaintiff seeks $18,000 in statutory damages; and for these violations of Section 302.101 of the Texas Business and Commerce Code, Plaintiff seeks $60,000 in statutory damages. Mt. for Default J. at 4–5, Exs. A, B, C. Plaintiff also seeks to recover $3,349 in attorney's fees. *Id.* at Ex. D.

3

By failing to answer or appear, Defendant is deemed to have admitted the allegations in Plaintiff's complaint. *See Bank of New York Mellon Tr. Co., N.A. v. Hancock*, No. 5:19-CV-270-H-BQ, 2020 WL 2989023, at *2 (N.D. Tex. June 4, 2020) ("Through their failure to answer the complaint, the defendants admit the plaintiff's allegations of fact, and the facts are deemed admitted for the purposes of the judgment." (citing *Nishimatsu*, 515 F.2d at 1206). Therefore, Plaintiff is entitled to a default judgment on his claims against Defendant, Plaintiff's Motion for Default Judgment is **GRANTED,** and Plaintiff is awarded $96,000 in statutory damages and $3,349 in attorney's fees

## CONCLUSION

Because Defendant has not appeared in this matter and Plaintiff has properly moved for default judgment, the Court finds that it should and hereby does **GRANT** Plaintiff's Motion for Default Judgment as to all claims and awards Plaintiff $96,000 in statutory damages and $3,349 in attorney's fees.

**SO ORDERED** on this **7th day** of **April, 2021.**

_____
Mark T. Pittman
UNITED STATES DISTRICT JUDGE